# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

State of Minnesota,

        Plaintiff,

       v.                                      ORDER
                                                      Criminal No. 12-246 ADM

Nicole Yzaguirre,

        Defendant.

_____

        Defendant Nicole Yzaguirre was charged in state court with offering a forged check. Notice of Removal [Docket No. 1] at 25. On October 12, 2012, Defendant filed a Notice of Removal of this criminal prosecution from Hennepin County District Court. Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine the notice of removal of a state criminal prosecution and summarily remand the case if "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."

        It is clear from the face of Defendant's Notice and annexed exhibits that removal should not be permitted here, because the grounds on which Defendant bases removal do not apply to this criminal case. Defendant seeks to remove this action under 28 U.S.C. §§ 1333, 1334, and 1443. Notice of Removal ¶ 1. However, § 1333 applies to "admiralty, maritime and prize cases," and § 1334 pertains to "bankruptcy cases and proceedings." This criminal action does not fall within the categories of cases listed in §§ 1333 and 1334.

        Additionally, "[s]ection 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights." U.S. *ex rel.* Sullivan v. Missouri, 588 F.2d 579, 580 (8th Cir. 1978) (*per curiam*). "Claims that prosecution and conviction will violate

rights under constitutional or statutory provisions of general applicability . . . will not suffice" as grounds for removal under § 1443. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Thus, to establish eligibility for removal under § 1443, Defendant must show she "relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 354 (8th Cir. 1997).

Defendant does not claim she is being denied a specific right of racial equality. Rather, she alleges her statutory and constitutional rights are being violated as a result of the state courts' refusal to accommodate her attorney's disability. She also claims the state court system retaliates against attorneys who allege misconduct by public officials, unfairly favors public attorneys and prosecutors over defense attorneys, and fails to protect the Fourth and Fifth Amendment rights of criminal defendants. None of the alleged violations of Defendant's rights listed in the Notice of Removal are based on racial discrimination or a law specifically providing for racial equality. Therefore, Defendant has failed to establish a basis for removal under § 1443.

Based on the foregoing, and all the records, files, and proceedings herein, IT IS HEREBY ORDERED that this case is summarily REMANDED to the Minnesota District Court, Fourth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 19, 2012.